IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND DRUMGOOLE, #453219 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PX-17-564 |
| GOVERNOR OF BALTIMORE, MD. | * | |
| ALL JUDGES THAT DEALT WITH CASE NOS. 115154007/08 | * | |
| BOTH STATES ATTORNEYS OF CASE NOS. NOS. 115154007/08 | * | |
| ARRESTING/PRIMARY OFFICER OF CASE NOS. 115154007/08 | * | |
| Defendants. | | |
| | ***** | |

## **MEMORANDUM**

On February 24, 2017, plaintiff Raymond Drumgoole, who is confined at the Eastern Correctional Institution ("ECI"), filed this self-represented, 42 U.S.C. § 1983 civil rights action seeking compensatory and punitive damages, stating that on May 15, 2015, he was arrested in a traffic stop by a transit officer for possession of a handgun. He files suit against the "Governor of Baltimore" and the unnamed state court judges and prosecutors who presided over and prosecuted his case, along with the police officer who arrested and charged him. Drumgoole claims that he was falsely accused, arrested, and imprisoned in Baltimore City. He asserts that the prosecutors "use[d] unprofessional tactics to try to convict me," and all judges should have dismissed the case prior to his 11-month pre-trial confinement on "unconstitutional actions." He states that he was found not guilty and that "all defendants operate under the Governor." ECF No. 1, p. 3.

Drumgoole sought leave to proceed in forma pauperis. Although the Fiscal Administrator at ECI was granted a period of time to file necessary account information under 28 U.S.C. § 1915(b)(1) (ECF No. 4), no account information has been received. Therefore, no initial partial filing fee shall

be assessed. Drumgoole's motion for leave to proceed in forma pauperis shall be granted, subject to the collection of partial filing fees at a later date under 28 U.S.C. U.S.C. § 1915(b)(2).

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Drumgoole is proceeding in forma pauperis, the court must conduct a sua sponte screening of his complaint. It must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

The state court docket shows that on June 3, 2015, Drumgoole was charged with several counts of firearm and handgun possession, and was thereafter acquitted of all those charges on March 28, 2016. *State v. Drumgoole* Case Nos. 115154007 & 1151544008 (Circuit Court for Baltimore City). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis. Therefore, his claims, generously construed as alleging false arrest and imprisonment, as well as malicious prosecution, may proceed in part.

Drumgoole's claims are subject to dismissal as filed against the unnamed judges and prosecutors assigned to his criminal cases as they are entitled to absolute immunity under 42 U.S.C. § 1983. It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985); *see also Mandel*

2

v. O'Hara, 320 Md. 103, 107, 576 S.2d 766, 768 (1990) ("Absolute 'immunity protects ... judges ... so long as their acts are "judicial" ... in nature and within the very general scope of their jurisdiction' "). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *See Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter. *See King v. Myers,* 973 F.2d 354, 356–57 (4th Cir. 1992). Accordingly, a plaintiff alleging a claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.* Drumgoole has not made such a showing.

Further, the complaint for damages may not proceed against the unnamed prosecutors. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). General decisions whether or not to prosecute a case fall within those prosecutorial functions.

Additionally, Drungoole has filed a complaint against the "Governor of Baltimore." There is no known dignitary under that name. To the extent that Drumgoole's complaint may be generously construed to raise a complaint against Maryland Governor Larry Hogan, he has failed to state a claim. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Drumgoole has failed to allege any personal liability of the part of the Governor.

Insofar as Drumgoole is alleging that Governor Hogan is liable in his supervisory capacity for the actions of his employees, Drumgoole has failed to state a claim. Under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are: (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).

Local state court judges, prosecutors, and police officers are not "subordinates" of the Governor. The Governor has no direct supervisory authority over individual state's attorney's offices, judges, or police officers. Therefore, no claim has been stated against Governor Hogan.

Finally, Drumgoole may not proceed against the unnamed police officer involved in arresting and charging him on state criminal firearm and handgun counts. Fed. R. Civ. P. 10(a) provides that "the complaint must name all the parties." A plaintiff may name a "John or Jane Doe" as a defendant when the identity of a defendant is unknown. *Boyd v. Gullet,* 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. *Figueroa v. Rivera,* 147 F.3d 77, 83 (1st Cir.1998) (*quoting Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir.1980)). Drumgoole's original complaint does not furnish the names of the Defendant officer who issued a criminal complaint and charged Drumgoole with the handgun and firearm offenses. Fed. R. Civ. P. 10(a) provides that "the complaint must

4

name all the parties." A plaintiff may name a "John or Jane Doe" as a defendant when the identity of a defendant is unknown. *Boyd v. Gullet,* 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. *Figueroa v. Rivera,* 147 F.3d 77, 83 (1st Cir.1998) (*quoting Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir.1980)). The court shall grant Drumgoole sufficient time to amend his complaint to name the police officers.[1] In the event that Drumgoole fails to do so, he is cautioned that his complaint with respect to the unnamed police officer hall be dismissed without prejudice.

Next, Drumgoole has filed a motion to appoint counsel. He claims that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate the case, the issues in the case are complex, he has limited access to the prison law library and limited knowledge of the law, and an appointed counsel would better enable him "to present evidence and cross-examine witnesses" should his case go to trial. ECF No. 3.

Although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an litigant, it "does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. U.S. District Court for the S. Dist. of Iowa,* 490 U.S. 296, 309–10 (1989). A district court need not request an attorney's assistance pursuant to § 1915(e)(1) unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). Exceptional circumstances include a litigant who "is barely able to read or write," *id*. at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

---

[1] Drumgoole shall place "Civil Action No. PX-17-564" in the caption of his amended

Drumgoole's case presents no clear, exceptional circumstances warranting representation pursuant to § 1915(e)(1). He has capably filed his self-represented complaint and motions and, at this stage of the proceedings, has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the motion to appoint counsel shall be denied without prejudice. A separate Order shall be entered following the rulings of the court.

Date: 5/10/17                            /S/
                                         Paula Xinis
                                         United States District Judge

---

complaint.